McWILLIAMS *v.* BOSWELL.

Where the pleadings in an action for injunction and receiver show an issue of fact between the parties, it is erroneous to enter a judgment against the defendant for costs without a verdict.

MAY 11, 1916.

Equitable petition. Before Judge Bartlett. Haralson superior court. July 21, 1915.

A petition in an action for injunction and receiver alleged the following in substance: Plaintiff, being the owner of a sawmill outfit in the possession of two persons doing business as a firm, and located on the land of a third person under a written contract of sale to them, in which title was reserved in the seller until the purchase-price should be paid, instituted an action in bail-trover for its recovery. The defendant failed to give bond, and the property was delivered by the sheriff to the plaintiff. The owner of the land being anxious to have the timber cut, the plaintiff verbally agreed to let one of the alleged copartners cut the timber on such land, "upon the payment to petitioner of $2.50 per thousand feet for all lumber cut with said mill." Under this agreement the individual with whom it was made took possession and commenced sawing, but soon died. The widow of the deceased took possession

of the outfit, and through the agency of designated persons was attempting to remove the property and convert it to her own use. There was a stated balance due on the purchase-price already mentioned; and the defendant, the estate of her deceased husband, her agents, and the surviving member of the firm were insolvent. In the answer the defendant denied that the parol agreement with the deceased was as alleged; and set up that the agreement was a contract of sale, by the terms whereof the deceased was to pay plaintiff the amount then due on the original purchase-price, by paying at the rate of $2.50 per thousand feet of lumber cut, until the balance of the first note should be paid, then to have the privilege of cutting 100,000 feet without making any payment, and then to pay at the rate of $2.50 per thousand feet until the last note was paid. Designated payments were made on the notes. After the plaintiff took charge of the property under the bail-trover proceeding, the partnership was dissolved, and the surviving partner abandoned all interest in the property. Defendant had been appointed temporary administratrix of the estate of the deceased, and her object in moving the property was merely to convey it to a place of safety, there being danger of loss by fire or otherwise if allowed to remain at its present location. The plaintiff had caused the other copartner to remove certain parts of the machinery without the knowledge or consent of defendant, and had threatened defendant and her employees with violence in an effort to require them to yield possession. Injunction was prayed against the plaintiff. The judge temporarily enjoined all parties. When the case came on for final trial it appeared that the trover suit had terminated and had resulted in a verdict and judgment finding the property for the plaintiff; that the property had been sold by the sheriff, under order of court, for an amount exceeding the principal and interest alleged to be due to the plaintiff; and that in a money-rule proceeding instituted by the plaintiff against the sheriff the proceeds of the sale, after payment of court costs, were awarded to the plaintiff. After inspection of the record the judge announced that there was no issue left to be tried, and thereupon entered a judgment against the defendant for the cost of court. The defendant excepted to this judgment, on the ground that the pleadings presented an issue which required the verdict of

a jury to determine, and that without a verdict there was no basis for the judgment.

*Griffith & Matthews* and *H. J. McBride,* for plaintiff in error.

*Adamson & Brown* and *I. N. Cheney,* contra.

ATKINSON, J. The petition in the injunction suit alleged that the sawmill outfit was delivered by the plaintiff under the terms of a parol agreement. While admitting possession of the property, the terms of the alleged agreement were denied, and the defendant pleaded terms that were substantially different. There was no dismissal of the plea, but it was allowed to stand. The allegations by the plaintiff and denial by the defendant presented an issue which it was necessary to settle against the defendant before she could be cast in the costs of the suit. Whether or not a verdict against the defendant would be proper, a judgment against her without a verdict was unauthorized.

*Judgment reversed. All the Justices concur.*